

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-17-00460-CR
No. 07-17-00461-CR
_____

DAVID BLAKE TURNER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 26,096-A; Honorable Dan L. Schaap, Presiding

April 2, 2019

OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, David Blake Turner, appeals his two jury convictions for the offense of

continuous sexual abuse,[1] and the trial court imposed concurrent sentences of forty-five

---

[1] TEX. PENAL CODE ANN. § 21.02(b) (West Supp. 2018). An offense under this section is a felony of the first degree, punishable by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years. § 21.02(h).

years. By two issues, Appellant contends (1) the evidence was insufficient to establish the alleged acts of sexual abuse occurred over the time span required by section 21.02 of the Texas Penal Code and (2) the court's charge failed to properly instruct the jury. We affirm.

BACKGROUND

Appellant was charged by indictment with two counts of continuous sexual abuse—one count as to each of two victims, S.E.H. and S.H. (twin sisters)—alleged to have been committed from on or about June 1, 2013 until August 1, 2013. The indictment alleged that, in each instance, the victim was a child younger than fourteen years of age and that each offense was committed by engaging in two or more acts of sexual abuse, as to each victim, committed in three alternative ways: (1) by touching the genitals of each victim, (2) by causing the penetration of each victim's sexual organ by Appellant's finger, and (3) by causing the sexual organ of the victim to contact Appellant's sexual organ. Appellant pleaded not guilty to both counts and his case was tried to a jury. After the jury returned a verdict of guilty as to each count, Appellant elected to have the trial court assess his punishment. The trial court assessed his sentence at forty-five years in prison for each count and did not assess a fine. The sentences were ordered to be served concurrently.

Appellant argues the evidence is insufficient to support his conviction for continuous sexual abuse because "there was no more than a mere modicum of evidence that at least two acts of sexual abuse occurred over an interval spanning 30 days or more." He also argues that he was egregiously harmed because the charge of the court

2

did not require the jury to find that he committed two or more acts of sexual abuse over a period of at least thirty days.

STANDARD OF REVIEW

The only standard recognized by the Texas Court of Criminal Appeals in reviewing the sufficiency of the evidence necessary to support each element of a criminal offense the State is required to prove beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *See Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). In determining whether the evidence is legally sufficient to support a conviction, this court considers all the evidence in the light most favorable to the verdict and determines whether, based on that evidence and reasonable inferences to be drawn therefrom, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Queeman v. State*, 520 S.W.3d 616, 623 (Tex. Crim. App. 2017).

The fact finder is the sole judge of the credibility of the witnesses and the weight to be given to their testimonies, and a reviewing court must defer to those determinations and not usurp the fact finder's role by substituting its judgment for that of the jury. *Id.* (citing *Montgomery v. State,* 369 S.W.3d 188, 192 (Tex. Crim. App. 2012)). In doing so, we give deference to the responsibility of the fact finder to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jenkins v. State,* 493 S.W.3d 583, 599 (Tex. Crim. App. 2016). Faced with a record supporting contradicting inferences, a reviewing court must presume that the fact finder resolved any such conflicts in favor of the verdict, even if not explicitly

3

stated in the record. *Queeman*, 520 S.W.3d at 622. Each fact need not point directly and independently to the appellant's guilt, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Jenkins*, 493 S.W.3d at 599. "The duty of the reviewing court is simply to ensure that the evidence presented supports the jury's verdict and that the State has presented a legally sufficient case of the offense charged." *Queeman*, 520 S.W.3d at 621. "Under this standard, evidence may be legally insufficient when the record contains either no evidence of an essential element, merely a modicum of evidence of one element, or if it conclusively establishes a reasonable doubt." *Britain v. State*, 412 S.W.3d 518, 520 (Tex. Crim. App. 2013) (citing *Jackson*, 443 U.S. at 320).

Legal sufficiency of the evidence is measured against the elements of the offense as defined by a hypothetically correct jury charge. *Thomas v. State,* 444 S.W.3d 4, 8 (Tex. Crim. App. 2014) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily restrict the State's theories of guilt, and adequately describes the particular offense for which the defendant was tried. *Gollihar v. State*, 46 S.W.3d 243, 253 (Tex. Crim. App. 2001); *Malik*, 953 S.W.2d at 240. In our review, we must evaluate all of the evidence in the record, both direct and circumstantial, regardless of whether that evidence was properly or improperly admitted. *Jenkins*, 493 S.W.3d at 599; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

In reviewing the sufficiency of the evidence in this case, we are mindful that in the prosecution of an offense under chapter 21 of the Texas Penal Code, the uncorroborated testimony of a child sexual abuse victim alone is sufficient to support a conviction for

4

either the offense of continuous sexual abuse or the underlying predicate offenses of indecency with a child or sexual assault. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a), (b)(1) (West Supp. 2018); *Chasco v. State*, No. 07-17-00243-CR, 2019 Tex. App. LEXIS 234, at *6 (Tex. App.—Amarillo Jan. 15, 2019, pet. filed March 18, 2019) (mem. op., not designated for publication); *Garner v. State*, 523 S.W.3d 266, 271 (Tex. App.—Dallas 2017, no pet.). Courts give wide latitude to the testimony of child sexual abuse victims; *see Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990), and a child victim's description of what happened and when it occurred need not be expressed with the same level of sophistication and detail that an adult might use. *Soto v. State*, 267 S.W.3d 327, 332 (Tex. App.—Corpus Christi 2008, no pet.). Furthermore, corroboration of the child victim's testimony by medical or physical evidence is not required. *Id.* The *mens rea* and requisite specific intent of the accused can be inferred from the defendant's conduct, his remarks, and the circumstances surrounding the commission of the offense. *McKenzie v . State*, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981).

CONTINUOUS SEXUAL ABUSE

A person commits the offense of continuous sexual abuse if (1) during a period that is thirty or more days in duration, (2) the person commits two or more acts of "sexual abuse," and (3) at the time of the commission of each act of sexual abuse, the actor is seventeen years of age or older, and the victim is a child younger than fourteen years of age. TEX. PENAL CODE ANN. § 21.02(b)(1), (2) (West Supp. 2018). For purposes of this offense, an "act of sexual abuse" includes (a) touching, including touching through clothing, of the genitals of the child victim, if committed with the intent to arouse or gratify the sexual desire of any person, (b) causing the penetration of the victim's sexual organ

5

by any means, and (3) causing the sexual organ of the victim to contact the sexual organ of the actor. *See generally* § 21.02(c)(2), (3) (incorporating section 21.11(a)(1), indecency with a child, and section 22.011, sexual assault, as the underlying predicate offenses).

ANALYSIS

Here, the victims described the first incident of sexual abuse as having occurred "in the middle of June" 2013, in Portales, New Mexico, when they were left alone in the overnight care of Appellant while their mother returned a younger half-sister to her father. At the time, both girls were eleven. On that occasion, both girls were watching television in Appellant's bedroom when he came in and lay down between them. During the course of the evening, Appellant touched the genitals of both victims, both over and under their clothing. When the victims' mother returned the next day, nothing was said about the incident. While the State did not rely upon this out-of-state offense as an offense for purposes of proving any element of the offense of continuous sexual abuse,[2] it was offered for purposes of showing Appellant's plan or motive as, on that occasion, he positioned himself between the two girls as they were lying down together, the same as he did during subsequent offenses.

Appellant and the victims' mother were later married on June 26th, and he began living with them in Randall County. According to the testimony of S.E.H., the things that happened in Portales, also began happening in Randall County, at the "beginning of July." She also testified that the abuse continued both "before and after" July 4th. Specifically,

---

[2] *See Lee v. State*, 537 S.W.3d 924, 925 (Tex. Crim. App. 2017) (holding that because the statutory definition of "sexual abuse" requires acts that are a violation of Texas law, an out-of-state act will not support a conviction for continuous sexual abuse).

6

S.E.H. testified about a subsequent incident when Appellant called her into the bedroom and instructed her to get on top of him. On this occasion, he rubbed the area of his penis against the area of her vagina, while clothed, for a period of ten to fifteen minutes. Although this incident was "subsequent" to the earlier July incident, S.E.H. was unable to tie it to any specific date.

S.E.H. also recalled a fourth incident that occurred during the evening hours of July 31st, or the early morning hours of August 1st, when she and her sister were in a shared bed. That night, Appellant came into their bedroom and got in bed between them. According to S.E.H., Appellant "took my pants off and his boxers and tried to put his dick in my vagina." She testified that while he was moving back and forth, trying to penetrate her, she "wouldn't let him because [she] squeezed [her] legs together . . . ." S.E.H. further testified that at some point, Appellant turned his attention from her to her sister and it appeared he did ["similar"] things to her. While S.E.H. was able to specifically identify the date as being the late evening hours of July 31st or the early morning hours of August 1st, S.H. was unable to tie the incident to any specific date. S.H. did, however, testify that Appellant engaged in substantially similar conduct with her.

Although the exact dates of each act of sexual abuse need not be proven, the offense of continuous sexual abuse does incorporate a time component as an element of the offense. That component requires that the State establish, beyond a reasonable doubt, that the last act of sexual abuse occurred on or after the twenty-ninth day after the day the first act of sexual abuse occurred. *See* § 21.02(b)(1) (criminalizing conduct committed "during a period that is 30 or more days in duration"); *Hines v. State*, 551 S.W.3d 771, 776 (Tex. App.—Fort Worth 2017, no pet.) (finding continuous sexual abuse

7

requires that the last act of sexual abuse occur on at least the twenty-ninth day after the day of the first act of sexual abuse); *Williams v. State*, 305 S.W.3d 886, 890-91 (Tex. App.—Texarkana 2010, no pet.) (holding that the State must prove two acts of sexual abuse "committed over a span of thirty or more days"). While jury unanimity is required as to the essential elements of the offense, "members of the jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed," so long as they unanimously agree that "the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse." *See* § 21.02(d).

By his first issue, Appellant contends the first act of sexual abuse "that happened in Amarillo" was the incident described as having happened "around July 4th." He contends that because his long-haul driving record log shows he was out of town on July 1st, the earliest that event could have happened was July 2nd or July 3rd. He then posits that because the last act of sexual abuse was identified as having occurred on July 31st or August 1st, then the period of duration could not have been thirty or more days. While the State admits that "it's close," Appellant's argument fails to account for the possibility that the jury believed the first and last acts of sexual abuse occurred during "a period that is thirty or more days in duration." Because the evidence supports a reasonable conclusion that Appellant committed two or more acts of sexual abuse over a period that lasted thirty or more days, issue one is overruled.

By his second issue, Appellant contends the charge of the court failed to require the jury to unanimously find that two or more acts of sexual abuse occurred over a period that was thirty or more days in duration. He further argues the jury was unreasonably

confused by the introduction of evidence of the sexual abuse that occurred out of state more than thirty days prior to the last act of sexual abuse. In support of his argument, Appellant relies upon *Smith v. State*, 340 S.W.3d 41 (Tex. App.—Houston [1st Dist.] 2011, no pet.). In *Smith*, the court of appeals found the trial court's charge to be erroneous because it allowed the jury to find the defendant guilty so long as two or more acts of sexual abuse occurred *during* a specified period that was more than thirty days in duration, regardless of whether the acts themselves occurred *at least thirty days apart*. *Id.* at 50. (Emphasis added). There, the application paragraph provided as follows:

> Now, if you find from the evidence beyond a reasonable doubt that *on or about the 1st day of December, 2007, through the 1st day of September, 2008, which said time period being a period that was 30 days or more in duration*, in Brazoria County, Texas, the defendant, Jesse James Smith, committed two or more acts of sexual abuse against [the complainant], said acts of sexual abuse having been violations of one or more of the following: [two acts of aggravated sexual assault are particularly described], then you will find the defendant guilty of the offense of Continuous Sexual Assault of a Child, as alleged in Count One of the indictment.

*Id.* (Emphasis in original). Based on this application paragraph, the court held:

> The precise phrasing in the application paragraph does not specifically require a finding that the last act of sexual abuse occurred on at least the 29th day after the day of the first act. Rather, it allows a finding of guilt if two or more acts of sexual abuse occurred "on or about the 1st day of December, 2007, through the 1st day of September, 2008, which said time period being a period that was 30 days or more in duration." This instruction lacks clarity in that, read literally, it allowed the jury to find appellant guilty so long as two or more acts of sexual abuse occurred between December 2007 and September 2008, regardless of whether the acts occurred at least 30 days apart.

*Id.*

9

Appellant argues that, like the application paragraph in *Smith*, the application paragraph in the underlying case contains the same error because it confuses the statutorily required thirty-day period for continuous sexual abuse with the "on or about" periods alleged with respect to commission of the predicate offenses. Here, the application paragraph provides:

> Now bearing in mind the foregoing instructions, if you unanimously believe from the evidence beyond a reasonable doubt, that the defendant, DAVID BLAKE TURNER, on or about June 1, 2013 through August 1, 2013, in the County of Randall, and State of Texas, during a period that was 30 days or more in duration and when the Defendant was 17 years of age or older, did intentionally or knowingly commit two or more acts of sexual abuse against [victim], a child younger than 14 years of age, namely the following acts: [predicate acts described].

In *Jimenez v. State*, No. 07-13-00303-CR, 2015 Tex. App. LEXIS 10951, at *14-15 (Tex. App.—Amarillo Oct. 26, 2015, pet. ref'd) (mem. op., not designated for publication), this court encountered a virtually identical issue. There, we held that the charge was erroneous because it suggested to the jury that the thirty-day requirement was met if the jury found the accused committed two or more acts at any time during the period stated in the indictment, regardless of whether the acts continued for a period of at least thirty days. *Id.*

In its arguments before this court, the State strongly argues that this application paragraph should be found to conform to the statutory requirements of the offense of continuous sexual assault because it "tracks the language of the statute." Unfortunately, the State's argument relies too heavily upon the assumption that the statute itself is an example of clarity. Broken down into its component parts, the application paragraph used in this case does nothing more than the application paragraph in *Jimenez*, by requiring

10

that (1) *during* a given period of thirty days or more (2) the defendant intentionally or knowingly committed two or more acts of sexual abuse. While someone with an understanding of the statute might argue that this provision is clear, the express language used does not make it clear that the first and last acts must occur thirty or more days apart. Like *Jimenez*, because the application paragraph here suggests to the jury that the thirty-day requirement was met if it found Appellant committed two or more acts during a period of thirty days or more, it was erroneous.

Because Appellant did not object to the charge in this case, we turn to a determination of whether the error was egregiously harmful to Appellant. *Villarreal v. State*, 453 S.W.3d 429, 433 (Tex. Crim. App. 2015) (holding that the degree of harm required for reversal depends on whether the error was preserved). When, as here, the error is not preserved, reversal is required only if there was "egregious harm," i.e., the error created such harm that the accused was deprived of a fair and impartial trial. *Id.* (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)). Charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Villarreal*, 453 S.W.3d at 433. Egregious harm is a "high and difficult standard" to meet, and such a determination must be "borne out by the trial record." *Id.* (citing *Reeves v. State,* 420 S.W.3d 812, 816 (Tex. Crim. App. 2013)). In situations where we consider egregious harm, we will not reverse a conviction unless the defendant suffered "actual rather than theoretical harm." *Villarreal*, 453 S.W.3d at 433 (citing *Cosio v. State,* 353 S.W.3d 766, 777 (Tex. Crim. App. 2011)). In considering the egregious nature of the harm being analyzed, we consider (1) the entirety of the jury charge, (2) the state of the evidence,

including any contested issues and the weight of probative evidence, (3) the arguments of counsel, and (4) any other relevant information revealed by the trial record as a whole. *Villarreal*, 453 S.W.3d at 433 (citing *Almanza*, 686 S.W.2d at 171).

In the context of the entirety of the jury charge, the erroneous wording of the application paragraph is not so outrageous as to be considered egregious in and of itself. As noted by the State, the application paragraph does "track" the statute. While this consideration alone is not enough to say that error was not egregious, it does mitigate against a finding in that regard.[3]

As to the state of the evidence presented and its probative weight, here, the jury heard the mutually confirming testimony of two witnesses. While it might be argued that the testimony of one witness lacks the specificity of the other witness, the fact that both witnesses told the same general story substantially increases the weight and probative value of both witnesses' testimony. Furthermore, substantial parts of their testimony were corroborated by the testimony of the victims' mother and the SANE nurse.

The factor most strongly favoring a finding that the error was not egregious is a consideration of the arguments of counsel. Here, the State went to great lengths to explain to the jury that they were not to consider the allegations of sexual abuse occurring

---

[3] That being said, we would encourage trial judges to consider language that does not track the statute, where it might be said the use of alternative language clarifies the elements of the offense. For example, an application paragraph could be worded as follows:

> Now bearing in mind the foregoing instructions, if you unanimously believe from the evidence beyond a reasonable doubt, that the defendant, _____, on or about [beginning date] through [ending date], in the County of _____, and State of Texas, during a period when the Defendant was 17 years of age or older, did intentionally or knowingly commit two or more acts of sexual abuse against [victim], a child younger than 14 years of age, namely the following acts: [predicate acts described], and the last act of sexual abuse occurred on or after the twenty-ninth day after the day the first act of sexual abuse occurred.

in New Mexico for purposes of determining Appellant's guilt or innocence. The prosecutor laid out the issue and explained to the jury as follows:

> Now, we talked about continuous and . . . we talked a lot here about 30 days or more. Okay. In this case it's close. It's very close. Okay. We had S.E.H. sit up there and said - - the first incident that happened in Amarillo was before July 4th. Remember that? And we even introduced a calendar, July 2013, for you to reference.
>
> We know [Appellant] came back that Tuesday and we know he was there Wednesday and Thursday, and Thursday is the 4th. So before the 4th, early July, those are the dates we are dealing with. And then she talked about . . . that last event and that was mentioned on the SANE. And on the SANE it says July 31st and it also says August 1st, right, because they don't know when during the night he crawled in bed with them and put his penis on them and touched them. They just know it happened. They don't know exactly [when] during the night it happened, because he was in bed with them the whole night.
>
> That gives you 30 days. Okay. If you use the 2nd to the 31st or the 3rd to the 1st. It's close. But it gives you 30 dates [sic], and you have evidence of that.

Based upon a consideration of these factors, we cannot say that the error in the application paragraph of the *Court's Charge* was egregious. Issue two is overruled.

CONCLUSION

The judgment of the trial court is affirmed.

Patrick A. Pirtle
Justice

Publish.