**Modified, Affirmed as Modified, and Opinion Filed August 25, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00790-CR

**JEREMY WAYNE MILLS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

### On Appeal from the 291st Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F-1772093-U

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Garcia
Opinion by Justice Partida-Kipness

A jury found Jeremy Wayne Mills guilty of aggravated sexual assault of a child under the age of fourteen. The jury assessed Mills's punishment at forty years' confinement. In a single issue, Mills challenges the sufficiency of the evidence to support the judgment of conviction. In one cross-issue, the State contends the trial court's judgment erroneously failed to indicate that Mills is required to register as a sex offender and omits the age of the victim at the time of the offense. The State asks the Court to correct the judgment to accurately reflect the sex offender registration requirement and age of the victim. We modify the trial court's judgment to correct these errors and affirm the judgment as modified.

# BACKGROUND

Complainant S.C. was born on September 20, 2006. In 2017, she lived with her mother M.C., her mother's boyfriend Joaquin, and her minor brother. The family lived in a two-story apartment in Dallas, Texas. Joaquin's sister Kameko and Mills moved in with the family in April or May of 2017. M.C.'s family slept in the upstairs bedrooms, while Kameko and Mills slept in the downstairs living room.

After the school year ended, M.C.'s children went to stay with their aunt Marlo in Tennessee for the summer. Later that summer, Marlo called M.C. to say that S.C. had told her about something inappropriate that happened between herself and Mills. Although S.C. did not communicate the details of the incident, M.C. said that she "froze up" at Marlo's revelation. M.C. told Joaquin and Kameko about the call, and Kameko called the police.

Dallas Police Detective Angel Scott investigated the report and scheduled a forensic interview for S.C.'s return to Dallas. After Marlo brought S.C. back to Dallas, M.C. took S.C. to the Dallas Children's Advocacy Center (DCAC) for the interview. Kimberly Skidmore, DCAC's Assistant Director for Forensic Services, conducted the interview and testified that S.C. was able to narrate, provided sensory details about the incident, and remained consistent throughout the interview. Scott observed the interview. She testified that when observing the interview, she was "looking for anything that relates to a sex assault, because in this case, that's what was reported." She also testified that she will not file a case when she does not hear

anything relating to the alleged assault. According to Scott, children sometimes mention things that do not relate to an offense, "if the offense or the report is stating that they were assaulted or penetrated and once they're forensically interviewed, and they don't mention anything like that, then I don't go forward with the investigation." Based on her observation of the interview, Scott filed a case alleging that Mills penetrated S.C.'s anus with his penis.

M.C. later took S.C. to Children's Medical Center Dallas for a physical examination. Pediatric Nurse Practitioner Sandra Onyinanya examined S.C. Onyinanya said that M.C. told her about Marlo's phone call indicating that S.C. had disclosed sexual assault involving genital to anal penetration. Onyinanya examined S.C. and did not find any injury or sign of trauma. She indicated this was consistent with the history M.C. related because the alleged sexual assault happened five months prior. According to Onyinanya, "85 to 95 percent of all exams are normal. It doesn't necessarily mean that nothing happened. . . . The most important variable is that history that a child gives." Onyinanya's examination report reflects that M.C. reported that since May 2017, S.C. had been "moody," having problems in school, and "scared to sleep alone or in [a] room by herself."

Tama Walley, a therapist with DCAC, testified that she began working with S.C. in 2018. Walley noted that S.C. exhibited avoidance symptoms, indicating that she had experienced a trauma that she did not want to address. Walley also noted that S.C. exhibited hyper-arousal symptoms, in which she would have an abnormally

–3–

strong reaction to minor stimuli. S.C. specifically did not like to be touched. This aversion to contact would sometimes result in fights with classmates. Walley related S.C.'s hyper-arousal to her trauma history. She also said that S.C. indicated that she felt worthless and permanently damaged and had contemplated suicide.

S.C. testified at trial. She was twelve years old at the time and testified that the sexual assault occurred when she was ten years old and in the fourth grade. She described the event that occurred one night when she went downstairs to put a cup away in the kitchen. She was wearing a shirt and athletic shorts. The lights were off, and Mills approached her as she was about to depart the kitchen. She said that Mills pulled her to the floor by the waist. While she was on her hands and knees, Mills pulled her shorts down and began touching her leg and chest. She testified, "He put his thing inside of me." When asked to clarify what she meant, S.C. confirmed that Mills put his penis in her anus. She said the assault made her whole body hurt. Mills stopped when one of S.C.'s brothers came downstairs. S.C. went into the bathroom to put her clothes back on and did not tell anyone about the assault until she spoke with Marlo over the summer.

A jury convicted Mills of aggravated sexual assault of a child and sentenced him to forty years in prison. This appeal followed. Mills contends on appeal that the evidence is insufficient to support the conviction.

## STANDARD OF REVIEW

We review the sufficiency of the evidence under the standard set out in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013). We examine all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Matlock*, 392 S.W.3d at 667. "Our review of 'all of the evidence' includes evidence both properly and improperly admitted." *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016). We defer to the trier of fact "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id*. "Each fact need not point directly and independently to the appellant's guilt, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Id*.

## ANALYSIS

### A. Mills's Issue

In a single issue, Mills argues the evidence is insufficient to support the conviction. According to Mills, witness testimony did not provide sufficient evidence to find the elements of the charged offense beyond a reasonable doubt. As to S.C.'s testimony, Mills contends she presented an irrational scenario and demonstrated bias against him.

A person commits aggravated sexual assault if the person "intentionally or knowingly . . . causes the penetration of the anus or sexual organ of another person by any means, without that person's consent" and "the victim is younger than 14 years of age, regardless of whether the person knows the age of the victim at the time of the offense . . . ." TEX. PENAL CODE § 22.021. Mills contends there is insufficient evidence to prove *mens rea* and penetration without consent.

It is well established that the testimony of a child victim alone is sufficient to support a conviction for aggravated sexual assault of a child under fourteen years of age. TEX. CODE CRIM. PROC. art. 38.07; *Garner v. State*, 523 S.W.3d 266, 271 (Tex. App.—Dallas 2017, no pet.). Corroboration of the child victim's testimony by medical or physical evidence is unnecessary. *Turner v. State*, 573 S.W.3d 455, 459 (Tex. App.—Amarillo 2019, no pet.).

S.C. testified that Mills sexually assaulted her in or about May 2017, when she was ten years old. She provided details of the assault and had previously provided a similar description to Skidmore while being interviewed at the DCAC. This evidence is sufficient alone to support Mills's conviction. *See* TEX. CODE CRIM. PROC. art. 38.07; *see, e.g.*, *Rodriguez v. State*, No. 05-18-01448-CR, 2020 WL 881008, at *4 (Tex. App.—Dallas Feb. 24, 2020, no pet.) (mem. op., not designated for publication) (evidence legally sufficient when victim testified to facts of offense even though she was imprecise about times and dates and there was no corroborating evidence); *see also Denver v. State*, No. 05-14-00817-CR, 2016 WL 661034, at *6

–6–

(Tex. App.—Dallas Feb. 18, 2016, pet. ref'd) (mem. op., not designated for publication) ("The child's testimony was neither suspect nor inherently unconvicting [sic], and was alone sufficient to support appellant's convictions.").

In an attempt to cast doubt on C.S.'s allegation, Mills argues that it is implausible that she would not immediately cry out after the assault and points to C.S.'s testimony that she did not like Mills as evidence of bias. Regarding the outcry, Mills fails to cite any evidence or authority indicating that a delayed outcry casts sufficient doubt on the veracity of the complainant such that the victim's testimony would no longer support a conviction. To the contrary, Skidmore testified that a "delayed outcry" in child abuse cases is common for various reasons. Regarding S.C.'s bias against Mills, the jury received this testimony and was free to weigh it in light of other evidence. *See Jenkins*, 493 S.W.3d at 599. The jury weighs the evidence and determines witness credibility, and we will defer to the jury's resolution of any conflicting testimony. *See id*. Regardless, the record contains testimony from other witnesses corroborating S.C.'s testimony.

Considering S.C.'s testimony and other evidence in the record, a rational jury could conclude that Mills intended to commit the charged offense, and did so. Thus, sufficient evidence supports the jury's verdict finding Mills guilty of aggravated sexual assault of a child under fourteen years of age. *See Jackson*, 443 U.S. at 318–19; *see also* TEX. PENAL CODE § 22.021.

**B. The State's Cross-Issue**

In its one cross-issue, the State contends the trial court's judgment erroneously fails to indicate that Mills is required to register as a sex offender and omits the age of the victim at the time of the offense. The State asks us to modify the judgment to correct these errors.

This Court has the power to modify an incorrect judgment to make the record speak the truth when we have the necessary information before us to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment nunc pro tunc when the evidence necessary to correct the judgment appears in the record. *Asberry*, 813 S.W.2d at 530. Appellate courts may reform judgments to correct improper recitations or omissions relating to punishment, delete affirmative findings improperly entered into the judgment, and correct statutory references. *See id.*; *Medlock v. State*, No. 05-11-00668-CR, 2012 WL 4125922, at *1 (Tex. App.—Dallas Sept. 20, 2012, no pet.) (mem. op., not designated for publication).

The record reflects that Mills was convicted of an offense requiring sex offender registration. *See* TEX. CODE CRIM. PRO. art. 62.001(5)(A) (including conviction under section 22.021 of the penal code as a reportable conviction or adjudication), art. 42.01 § 1(27) (requiring judgment to state that registration is

–8–

required and provide age of victim if defendant convicted of offense requiring registration under article 62). Yet, the trial court's judgment does not indicate that registration is required and lists the victim's age as "N/A." Based on these facts, we sustain the State's cross-issue and modify the judgment accordingly. *See* TEX. R. APP. P. 43.2(b); *Asberry*, 813 S.W.2d at 529–30

## CONCLUSION

We conclude the evidence is sufficient to support the conviction. We also conclude that the trial court's judgment incorrectly reflects Mills's sex-offender registration requirement. Accordingly, we modify the trial court's judgment to correctly reflect the registration requirement and age of the victim at the time of the offense and affirm the trial court's judgment as modified.

/Robbie Partida-Kipness/

ROBBIE PARTIDA-KIPNESS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
190790F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JEREMY WAYNE MILLS,
Appellant

No. 05-19-00790-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1772093-U.
Opinion delivered by Justice Partida-Kipness. Justices Myers and Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section regarding sex offender registration is revised to state that defendant is required to register as a sex offender; and

The age of the victim at the time of the offense is revised to show "10 years."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered August 25, 2021