

# NUMBER 13-22-00292-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ORLANDO REYES PEREZ,                                              Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

## On appeal from the 206th District Court
## of Hidalgo County, Texas.

# CONCURRING OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina
Concurring Opinion by Chief Justice Contreras**

The majority concludes, in part, that the jury charge in this case pertaining to the offense of continuous sexual abuse of a young child was not erroneous because it directly tracked the language in penal code § 21.02. I respectfully disagree. I would conclude that the charge contained error, but because the error was harmless, I concur in the Court's judgment affirming the convictions.

# I.    JURY CHARGE ERROR

Penal code § 21.02 provides that a person is guilty of continuous sexual abuse of a young child if, "during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims." TEX. PENAL CODE ANN. § 21.02(b)(1).[1] As the majority correctly notes, courts have determined that, to be sufficient to convict under this statute, the evidence must establish "there is at least 28 days between the day of the first act of sexual abuse and the day of the last act of sexual abuse." *Smith v. State*, 340 S.W.3d 41, 48 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *see Turner v. State*, 573 S.W.3d 455, 461 (Tex. App.—Amarillo 2019, no pet.); *Pelcastre v. State*, 654 S.W.3d 579, 586 (Tex. App.—Houston [14th Dist.] 2022, pet. ref'd).

In what the majority considers Perez's second issue, Perez argues that the jury charge contained error because "it allowed the jury to find [him] guilty so long as two or more acts of aggravated sexual assault occurred during a period of thirty days or more in duration, regardless of whether the acts occurred at least 30 days apart." I agree. The charge in this case tracked § 21.02(b)(1) precisely, but it did not explicitly inform the jury that there must be "at least 28 days" between the days of the first and last acts of abuse. Importantly, the language of § 21.02(b)(1), alone, does not sufficiently inform the jury of that requirement. *See Turner*, 573 S.W.3d at 462 (finding charge which tracked the statute to be erroneous because "the express language used does not make it clear that the first and last acts must occur thirty or more days apart"); *see also Lewis v. State*, No.

---

[1] The statute also requires proof that "the actor is 17 years of age or older" and that the victim is "a child younger than 14 years of age" or "a disabled individual." TEX. PENAL CODE ANN. § 21.02(b)(2). The parts of the charge relating to those elements are not at issue here.

06-21-00021-CR, 2022 WL 630288, at *6 (Tex. App.—Texarkana Mar. 4, 2022, pet. ref'd) (mem. op., not designated for publication) (same). To say that two events occurred "during" a time period with defined beginning and end points arguably means only that the events occurred (1) *on or after* the beginning point, and (2) *on or before* the end point. *See* MERRIAM-WEBSTER'S ONLINE DICTIONARY, https://www.merriam-webster.com/dictionary/during (last visited Feb. 1, 2024) (defining "during" as "throughout the duration of" or "at a point in the course of"); *see also Lewis*, 2022 WL 630288, at *6. If the jury construed the language in this reasonable manner, it would have convicted Perez even if the evidence showed there was only one hour between the first and last acts of abuse.

The majority relies on *Martinez v. State* for the proposition that "[f]ollowing the law as it is set out by the Texas Legislature will not be deemed error on the part of the trial judge." 924 S.W.2d 693, 699 (Tex. Crim. App. 1996); *see Riddle v. State*, 888 S.W.2d 1, 8 (Tex. Crim. App. 1994). However, *Martinez* predates both the enactment of § 21.02 and the court decisions confirming the 28-day-gap requirement. In any event, as the Fourteenth Court of Appeals has explained, the rule ostensibly set forth in *Martinez* is not consistently applied:

> The Court of Criminal Appeals has previously stated that a jury charge that tracks the language of a statute is "a proper charge on the statutory issue." *See Riddle*[, 888 S.W.2d at 8]. This rule has been expressed in other settings as well, but the court has not always adhered to it. For instance, when the issue is whether an indictment should be quashed for failing to provide adequate notice, the court has held that tracking the language of the statute may not always be sufficient. In *Haecker v. State*, the court explained that a charging instrument does not provide adequate notice if it tracks the language of the statute and the statute itself is not "completely descriptive of the offense." *See* 571 S.W.2d 920, 921 (Tex. Crim. App. [Panel Op.] 1978). Similarly, in *State v. Mays*, the court held that an indictment will require greater specificity when a statute uses "an undefined term of indeterminate or variable meaning." *See* 967 S.W.2d 404, 407 (Tex. Crim. App. 1998). Relatedly, in the charge context, the court has recognized

3

that the jury should be given a definition of terms that have acquired a technical or established legal meaning. *See Medford v. State*, 13 S.W.3d 769, 771–72 (Tex. Crim. App. 2000); *see also Middleton v. State*, 125 S.W.3d 450, 454 (Tex. Crim. App. 2003) (plurality op.).

The principles behind *Haecker*, *Mays*, and *Medford* guide us when reviewing the correctness of a jury charge. Just as the defendant must receive adequate notice of the charges against him, the jury must understand which law to apply, and the wording of a statute may not be enough. As the Court of Criminal Appeals recently reiterated, "It is not the function of the charge merely to avoid misleading or confusing the jury: it is the function of the charge *to lead and to prevent confusion*." *Reeves v. State*, 420 S.W.3d 812, 818 (Tex. Crim. App. 2013) (quoting *Williams v. State*, 547 S.W.2d 18, 20 (Tex. Crim. App. 1977)) (emphasis added). A charge will not prevent confusion if the statutory text on which it is based has a variable meaning in the eyes of the jury.

*Navarro v. State*, 469 S.W.3d 687, 698–99 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd).

The charge in this case, though precisely tracking the statute, failed to "lead and to prevent confusion" because the term "during" may have a "variable meaning in the eyes of the jury." *See Reeves*, 420 S.W.3d at 818; *Navarro*, 469 S.W.3d at 699; *see also Turner*, 573 S.W.3d at 462; *Lewis*, 2022 WL 630288, at *6. Therefore, in addition to the language from § 21.02(b)(1), the trial court should have also explicitly instructed the jury that there must be "at least 28 days" between the day of the first act of abuse and the day of the last act of abuse.[2] Because it did not, it did not comply with the obligation to accurately instruct the jury on the law applicable to the case. *See* TEX. CODE CRIM. PROC.

---

[2] Such an instruction is recommended by the State Bar Committee on Pattern Jury Charges. *See* Comm. on Pattern Jury Charges—Criminal, State Bar of Tex., *Tex. Criminal Pattern Jury Charges: Crimes Against Persons & Property* CPJC 84.2, 99 (2020) (providing a pattern § 21.02 jury charge which includes: "With regard to element 2, you must all agree that at least thirty days passed between the first and last acts of sexual abuse committed by the defendant."); *see also Chavez v. State*, No. 13-22-00551-CR, 2023 WL 5486232, at *4 (Tex. App.—Corpus Christi–Edinburg Aug. 24, 2023, no pet.) (mem. op., not designated for publication) (acknowledging that the pattern charge includes this "clarifying language" but noting that "Texas Pattern Jury Charges are only advisory; that is to say, trial courts are not required to follow them").

4

ANN. art. 36.14; *Turner*, 573 S.W.3d at 462; *Lewis*, 2022 WL 630288, at *6.[3]

## II. HARM

Having found error in the charge, I would proceed to a harm analysis. As the majority notes, because Perez did not request an instruction on the 28-day-gap requirement, the error is reversible only if he was egregiously harmed by it. *See Alcoser v. State*, 663 S.W.3d 160, 165 (Tex. Crim. App. 2022). "An erroneous jury charge is egregiously harmful if it affects the very basis of the case, deprives the accused of a valuable right, or vitally affects a defensive theory." *Id.*

This case, like most of its type, turned on the jury's evaluation of the credibility of the complainant. Here, as the majority explains, Maria testified that: (1) the abuse began sometime between the birth of her sister A.D.R. on June 25, 2016, and the birth of her sister A.L.R. on July 31, 2017; and (2) the abuse continued to occur after the birth of her sister A.A.R. on December 31, 2018. This evidence established that there were more than 28 days between the day of the first act of abuse and the day of the last act of abuse. Perez's defensive theories largely relied on impugning Maria's credibility in general, and the jury clearly rejected those theories. Based on this record, there was no rational reason for the jury to simultaneously (1) believe Maria's testimony that abuse occurred, but (2) disbelieve her testimony about *when* it occurred. Thus, even if the jury was correctly instructed as to the 28-day-gap requirement, it is highly likely that it still would have found Perez guilty. Accordingly, the error was harmless, and I would overrule appellant's second

---

[3] Some courts of appeals, including this one, have determined in unpublished opinions that similar charge language does not constitute error. *See Pelcastre v. State*, 654 S.W.3d 579, 587 n.3 (Tex. App.—Houston [14th Dist.] 2022, pet. ref'd) (listing cases); *see also Chavez*, 2023 WL 5486232, at *4. Those opinions lack precedential value. *See* TEX. R. APP. P. 47.7(a). Nevertheless, I agree with the Fourteenth Court of Appeals that "[t]his case merits review by the court of criminal appeals to resolve the conflicts in the cases cited above." *Pelcastre*, 654 S.W.3d at 588 n.4.

issue for that reason.

### III.    CONCLUSION

Because I agree with the remainder of the majority's opinion, I concur in the judgment.

DORI CONTRERAS
Chief Justice

Publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
22nd day of February, 2024.