

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-24-00053-CR
_____

JOSE LUIZ RAMIREZ, Appellant

V.

THE STATE OF TEXAS, Appellee

_____

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 13F0729-102

_____

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

A Bowie County jury convicted Jose Luiz Ramirez of continuous sexual abuse of a young child, *see* TEX. PENAL CODE ANN. § 21.02 (Supp.), and the trial court sentenced him to life imprisonment. In two issues on appeal, Ramirez maintains that (1) the application portion of the guilt/innocence charge was faulty in not requiring two acts to occur over at least a thirty-day period, which is fundamental error, and (2) the indictment, alleging indecency with a child (by sexual contact) as an underlying predicate offense for continuous sexual assault of a child, was defective because of the State's failure to allege the victim's age was under seventeen. Because we find that (1) the claimed jury-charge error was not egregiously harmful and (2) the indictment provided sufficient notice for Ramirez to prepare a defense, we affirm the judgment of the trial court.

## I.    Background

In February 2009, when G.J[1] was in seventh grade, G.J.'s school counselor obtained information that G.J. was being physically abused, and the counselor called 9-1-1. During the ensuing investigation, law enforcement determined G.J. was sexually assaulted by G.J.'s stepfather, Ramirez. Because of G.J.'s age in February 2009, twelve, and based on G.J.'s statement and those of G.J.'s siblings, a search of the home, and a sexual assault nurse examiner (SANE) examination, Ramirez was later charged with continuous sexual assault of a young child.

---

[1]To protect the victim's privacy, we refer to the victim by a pseudonym. *See* TEX. R. APP. P. 9.10.

Before trial, Ramirez moved to quash the indictment on the basis that the indictment did not allege all the elements of indecency with a child by sexual contact under Section 21.11 of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 21.11. Ramirez argued that the indictment omitted the portion of the statute that states that a "person commits an offense if, with a child younger than 17 years of age . . . ." After a jury trial, Ramirez was found guilty, and the trial court assessed punishment of life in prison. Ramirez appeals.

## II. The Claimed Jury-Charge Error Was Not Egregiously Harmful

In his first issue, Ramirez claims the application portion of the guilt/innocence charge did not require two acts to be over at least a thirty-day period, which is fundamental error.[2]

### A. Standard of Review

We review a claim of error in a jury charge in two steps. *Alcoser v. State*, 663 S.W.3d 160, 165 (Tex. Crim. App. 2022). "First, we determine whether the charge is erroneous. If it is, then we must decide whether the appellant was harmed by the erroneous charge." *Id.* (citing *Wooten v. State*, 400 S.W.3d 601, 606 (Tex. Crim. App. 2013)). "If a defendant timely objects to alleged jury-charge error, the record need only show 'some harm' to obtain relief." *Id.* (quoting *Almanza*, 686 S.W.3d at 171 (op. on reh'g)). If a defendant does not timely object, "the record must show 'egregious harm'" to obtain relief. *Id.* (quoting *Almanza*, 686 S.W.3d at 171).

We assess harm by reviewing "the entire jury charge, the state of the evidence, including the contested issues and weight of [the] probative evidence, the argument of counsel[,] and any other relevant information revealed by the record of the trial as a whole." *Id.* (first alteration in

---

[2]Ramirez notes that jury-charge error rises to the level of fundamental error only if the charge contains error resulting in egregious harm. *See Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1985).

original) (quoting *Almanza*, 686 S.W.3d at 171). "An erroneous jury charge is egregiously harmful if it affects the very basis of the case, deprives the accused of a valuable right, or vitally affects a defensive theory." *Id.* (citing *Almanza*, 686 S.W.3d at 171)

### B. The Instruction on Continuous Sexual Abuse Was Erroneous

The Texas Penal Code provides that a person commits the offense of continuous sexual abuse of a young child if, "during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims." TEX. PENAL CODE ANN. § 21.02(b)(1). The application paragraph of the trial court's guilt/innocence charge to the jury allowed the jury to find Ramirez guilty if it determined, beyond a reasonable doubt, that he,

> during a period of time that was 30 or more days in duration, to wit: from on or about September 1, 2007 through on or about February 3, 2009, . . . commit[ted] two or more acts of sexual abuse against [G.J.] (a pseudonym), a child younger than 14 years of age.

The application paragraph listed thereafter four acts of aggravated sexual abuse of a child and one act of indecency with a child by contact for the jury's consideration as predicate acts toward the required two or more acts of sexual abuse.

Ramirez states the jury charge contained error because the application paragraph required the jury to find that he committed two or more acts of sexual abuse from September 1, 2007, through February 3, 2009, but it did not expressly require the two or more acts to take place in at least a thirty-day period. Ramirez cites our opinion in *Lewis v. State*, and we interpret his argument to be the same as one discussed there: the "jury charge was erroneous because it allowed the jury to find [the defendant] . . . guilty if two or more acts of sexual abuse occurred

4

during a specific period that was longer than thirty days, regardless of whether the acts occurred at least thirty days apart." *Lewis v. State*, No. 06-21-00021-CR, 2022 WL 630288, at *6 (Tex. App.—Texarkana Mar. 4, 2002, pet. ref'd) (mem. op., not designated for publication) (citing *Smith v. State*, 340 S.W.3d 41, 50 (Tex. App.—Houston [1st Dist.] 2011, no pet.)).

In *Lewis*, we determined that identical operative language in an application paragraph constituted charge error because "the jury could have easily read the instruction[s] as directing it to find [the defendant] guilty if (1) there were thirty or more days between the dates in the indictment . . . , and (2) during that time, [the defendant] sexually abused [the victim] on two or more occasions." *Id.* Citing a sister court, we stated that "the express language used does not make it clear that the first and last acts must occur thirty or more days apart." *Id.* at *7 (quoting *Turner v. State*, 573 S.W.3d 455, 462 (Tex. App.—Amarillo 2019, no pet.)). We have continued to follow our holding in *Lewis* by finding that this charge language constitutes error. *See Rodriguez v. State*, No. 06-23-00148-CR, 2024 WL 3593749, at *4–5 (Tex. App.—Texarkana July 31, 2024, pet. ref'd) (mem. op., not designated for publication). We have more recently found that a similar application paragraph also contained an erroneous instruction in a continuous trafficking case. *See Palmer v. State*, No. 06-23-00172-CR, 2024 WL 3908574, at *7 (Tex. App.—Texarkana Aug. 23, 2024, no pet.) (mem. op., not designated for publication).

As it has before, the State again requests that we revisit our opinion in *Lewis*. *See Balderas v. State*, No. 06-22-00024-CR, 2023 WL 3638314, at *20 (Tex. App.—Texarkana May 25, 2023, pet. ref'd) (Rambin, J., concurring and dissenting) (mem. op., not designated for publication). The State points out that, since our published opinion in *Lewis*, our sister court in

5

Eastland, the Eleventh Court of Appeals, has determined that a similar instruction was not erroneous. *See Poor v. State*, No. 11-22-00221-CR, 2024 WL 4374998, at *5 (Tex. App.—Eastland Oct. 3, 2024, pet. filed) (op. on reh'g.). The Eastland court recognized the split among our state's intermediate appellate courts on this issue. *Id.* at *5–6. *Poor* indicates that our Court, the Sixth Court of Appeals, along with the First and the Seventh Courts, have determined similar jury-instruction language to be erroneous. *See id.* at *5; *Smith v. State*, 340 S.W.3d 41, 50–53 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Turner v. State*, 573 S.W.3d 455, 462–63 (Tex. App.—Amarillo 2019, no pet.). Conversely, with *Poor*, the Eleventh Court joined the Third, Fourth, Fifth, Thirteenth, and Fourteenth Courts of Appeals in determining similar jury instructions to be without error. *See Poor*, 2024 WL 4374998, at *6 (collecting cases illustrating the split among the courts).

To date, our state's highest court has not weighed in on the split among the courts of appeals. Accordingly, we see no compelling reason to revisit *Lewis*. Under our reasoning in *Lewis*, then, we conclude the language of the jury instruction here could have erroneously allowed the jury to find Ramirez guilty if it determined that he sexually abused G.J. on two or more occasions, since there were more than thirty days between the dates in the indictment, irrespective of whether the occasions of abuse occurred thirty or more days apart, as is required by the statute. *See Lewis*, 2022 WL 630288, at *6–7; TEX. PENAL CODE ANN. § 21.02(b)(1). Accordingly, because Ramirez failed to object to the jury charge, we examine whether the inclusion of the erroneous instruction caused Ramirez egregious harm. *See Alcoser*, 663 S.W.3d at 165.

## C.    Any Harm Was Not Egregious

First, we consider the entire jury charge. Ramirez concedes that the abstract portion of the charge correctly defined the offense and that normally, then, the charge as a whole would weigh against finding any harm to be egregious. Ramirez contends, however, citing Section 21.11 of the Texas Penal Code, "that the penal code provision is not perfectly clear to start with." Ramirez provides no argument in his brief regarding the lack of clarity of the cited section. And, as Ramirez concedes, the abstract portion of the charge correctly defined the offense. Further, the charge correctly addressed lesser-included offenses, extraneous-offense evidence, the indictment, the presumption of innocence, the credibility of witnesses and weight to be given their testimony, the burden of proof, and Ramirez's right not to testify and the prohibition of considering that election against him  The error found in the application paragraph, considered in light of the entire jury charge, does not establish egregious harm. *See Bazanes v. State*, 310 S.W.3d 32, 37 (Tex. App.—Fort Worth 2010, pet. ref'd).

Next, as conceded by Ramirez, there was evidence supporting a finding that the two or more acts of sexual abuse occurred over a period of at least thirty days. The testimony supported the jury's conclusion that the last act of sexual abuse occurred thirty or more days after the first act during the relevant time period, from September 1, 2007, to February 3, 2009. Although G.J. did not provide any specific dates when any event occurred or any specific period over which multiple assaults occurred, she testified that Ramirez's inappropriate behavior toward her started when she was five or six years old. G.J. testified that the first time Ramirez penetrated her with his penis was on her eighth birthday, and he digitally penetrated her and forced oral sex before

7

then. G.J. testified that the family moved to a mobile home when she was in the fifth grade, where they lived until she and her siblings were removed by Child Protective Services, which occurred when she was in the seventh grade. G.J. generally testified that sexual abuse occurred every other night during the time she lived in the mobile home with Ramirez, beginning when she was in fifth grade, with digital penetration happening every day, oral sexual assault every other day, and intercourse every other day, all up until when she was removed from the home.

In addition to G.J.'s testimony, the jury heard the testimony of G.J.'s sister. She testified to observing Ramirez's abuse of G.J., including sexual intercourse. The mutually confirming testimony of G.J. and her sister substantially increased the weight and probative value of their testimony and diminished any harm. *See Turner*, 573 S.W.3d at 463. The state of the evidence does not indicate that any error in the jury charge caused Ramirez actual harm. *See Pelcastre v. State*, 654 S.W.3d 579, 589 (Tex. App.—Houston [14th Dist.] 2022, pet. ref'd).

We next consider the parties' arguments. "Under this factor, we look to whether any statements made by the State, appellant, or the court during the trial exacerbated or ameliorated error in the charge." *Arrington v. State*, 451 S.W.3d 834, 844 (Tex. Crim. App. 2015). Here, the State argued in both opening and closing that Ramirez's sexual abuse occurred daily for years. The State said in closing that "this occurred either everyday [sic] or every other day for years. That's over 30 days that this occurred . . . in the years leading up to February 3rd of 2009 every day or every other day." The only timeframe referenced in Ramirez's closing was a "small little window." The State's limited reference to thirty days, without specific mention of the statutory requirement that the first and last acts of sexual abuse be at least thirty days apart, did not

8

exacerbate or ameliorate error in the charge and thus does not support a determination of egregious harm. *See id.*; *Pelcastre*, 654 S.W.3d at 590.

Finally, as other relevant information, Ramirez points to the indictment, claiming it also did not properly address the thirty-day issue. The indictment reads, "[Ramirez] . . . did then and there, during a period that was 30 or more days in duration, to-wit: <u>from on or about September 1, 2007 through February 3, 2009</u>, . . . commit two or more acts of sexual abuse against [<u>G.J.</u>]." Ramirez provides no further argument on this point and concludes that "this factor favors not finding the charge error egregious."

The State counters that "other relevant information in the record [includes] the State's punishment evidence, which was 'exceptionally strong,'" citing *Igo v. State*, 210 S.W.3d 645, 647 (Tex. Crim. App. 2006) (concluding that exceptionally strong evidence relating to punishment "mitigated against a finding of egregious harm," even though the defendant received the maximum sentence). The State posits that its evidence was exceptionally strong because G.J.'s sister testified that "[t]he sexual [abuse] was every other day."

We conclude that the other relevant information, along with the entire jury charge, the evidence, and the parties' arguments, does not support a finding that the erroneous jury instruction caused Ramirez egregious harm. *See Alcoser*, 663 S.W.3d at 165. We overrule Ramirez's first issue.

## III. The Indictment Provided Sufficient Notice for Ramirez to Prepare a Defense

In his second issue, Ramirez challenges the indictment. Ramirez contends that the indictment "failed to allege all elements of . . . [a] predicate offense." Ramirez contends that the

9

omission of the age element for the predicate offense in the indictment resulted in insufficient notice. Specifically, Ramirez contends that the portion of the indictment alleging indecency with a child by sexual contact must have included the statutory age element for that offense ("a child younger than 17 years of age," TEX. PENAL CODE ANN. § 21.11(a)), even though, in the indictment, that offense was listed as a predicate for the principal offense of continuous sexual abuse of a young child, which requires that the victim be "a child younger than 14 years of age," TEX. PENAL CODE ANN. § 21.02(b)(2)(A).[3]

The question presented is whether the State's indictment of Ramirez provided sufficient notice. "When reviewing the denial of a motion to quash turns solely upon the issue of the sufficiency of the indictment," which is a question of law, "we review the trial court's decision *de novo*." *Hughitt v. State*, 583 S.W.3d 623, 626 (Tex. Crim. App. 2019).

> An indictment is sufficient if it "charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment[.]"

*State v. Jarreau*, 512 S.W.3d 352, 354 (Tex. Crim. App. 2017) (alteration in original) (quoting TEX. CODE CRIM. PROC. ANN. art. 21.11). "Generally, an indictment that tracks the language of the applicable statute will satisfy constitutional and statutory requirements." *Hughitt*, 583 S.W.3d at 626. "The first step in this analysis is to identify the elements of the offense." *Id.* (citing *Jarreau*, 512 S.W.3d at 354). To provide sufficient notice of the charged offense, an

---

[3]Ramirez further urges that the indictment uses a pseudonym and that, at trial, there was evidence of two victims. Ramirez did not urge these grounds before the trial court; therefore, we do not address them here. *See Teal v. State*, 230 S.W.3d 172, 176–77 (Tex. Crim. App. 2007); TEX. CODE CRIM. PROC. ANN. art. 28.10(c).

indictment "must be specific enough to inform the accused of the nature of the [State's] accusation against him so that he may prepare a defense." *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004).

As general principle, an indictment need not set out all elements of a predicate offense. *See Alba v. State*, 905 S.W.2d 581, 585 (Tex. Crim. App. 1995) ("[W]e have repeatedly held that an indictment need not allege the constituent elements of the underlying offense which elevates murder to capital murder."). That principle governs here.

The indictment gave Ramirez sufficient notice. When setting out the principal offense, continuous sexual abuse of a young child, the indictment alleges that the predicate offenses were committed between September 1, 2007, and February 3, 2009, and further alleges that G.J. was younger than fourteen at the time of the predicate offenses. The indictment then sets forth a list of five predicate offenses. The list is preceded by "namely." In other words, the list is subject to the stated date range and victim's age. The first four predicate offenses in the list contain a restatement of G.J.'s age: "then and there younger than 14 years of age." The fifth predicate offense, indecency with a child by sexual contact, does not contain such a restatement. However, the fifth predicate offense is in the same list, concerns the same victim, and is subject to the same date range and age limitation set forth at the outset: between September 1, 2007, and February 3, 2009, when G.J. was younger than fourteen.

We conclude the indictment was specific enough to inform Ramirez of the nature of the State's accusation against him so that he was able to prepare a defense. *See Moff*, 154 S.W.3d at 601. We overrule Ramirez's second issue.

11

## IV.    Conclusion

We affirm the trial court's judgment.

Jeff Rambin
Justice

Date Submitted:    January 7, 2025
Date Decided:    July 7, 2025

Do Not Publish