

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00256-CR

PAUL JOHN NUTTALL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 222nd District Court
Deaf Smith County, Texas
Trial Court No. CR-2020G-079, Honorable Roland Saul, Presiding

August 22, 2023

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Following pleas of not guilty, Appellant was convicted by a jury of two counts of aggravated sexual assault of a child and one count of indecency with a child.[1]  The jury assessed punishment at twenty-five years' confinement in Count I, and five years each in Counts II and III with a fine of $10,000.  The sentences were ordered to run consecutively. By two issues, Appellant contends (1) the jury charge erroneously described aggravated

---

[1] TEX. PENAL CODE ANN. §§ 22.021(a)(1)(A)(iii), 21.11(a)(1).  Appellant does not present a challenge to the conviction for indecency with a child.

sexual assault as a result-of-conduct offense rather than a nature-of-conduct offense which egregiously harmed him and (2) ineffective assistance of counsel is cognizable because no reasonably competent attorney would have failed to object to the charge which would have triggered reversal under a "some" harm analysis. We affirm.

## BACKGROUND

Appellant is the complainant's stepfather. He began dating the complainant's mother and moved in with her family in 2017, when the complainant was five years old. The complainant's mother and father share joint custody. The father is in a relationship with a woman who also has children.

On June 8, 2020, the complainant and one of her half-sisters were together. The father noticed his stepdaughter had two hickeys on her neck. He questioned the girls and described them as upset because "they both felt they were in trouble." He contacted the complainant's mother and told her they needed to discuss the matter. They decided to contact Child Protective Services which in turn involved law enforcement. The complainant was questioned by a forensic interviewer. A sexual assault nurse examiner who examined the complainant found no evidence of physical trauma. The complainant was also treated by a counselor who testified the complainant remained consistent about the allegations over the course of twenty-five sessions.

The complainant implicated Appellant in various sexual acts. She claimed he told her not to tell anyone or she would get in trouble. After an investigation, he was charged with two counts of aggravated sexual assault and one count of indecency with a child. His trial strategy was denial of the allegations. He claimed the complainant fabricated

2

them from sex videos and YouTube videos she had viewed on his phone and blamed him when she was confronted about the hickeys on her half-sister's neck. The jury found him guilty on all three counts and assessed his punishment.

**ISSUE ONE—JURY CHARGE ERROR**

Appellant asserts the jury charge during guilt/innocence was erroneous and caused him egregious harm by requiring the jury to consider the effects of the offenses on the complainant rather than the nature of the accusations. We agree the charge is erroneous but disagree he suffered egregious harm.

> In the underlying case the abstract portion of the charge provided as follows:
>
> As to aggravated sexual assault of a child, as alleged in Counts I and II, a person acts knowingly or with knowledge with respect to *a result of his conduct* when he is aware that his conduct is reasonably certain to cause the result.
>
> As to indecency with a child, as alleged in Count III, a person acts intentionally, or with intent, with respect to *the nature of his conduct* when it is his conscious objective or desire to engage in the conduct.

(Emphasis added). No objection was made to the charge.

### APPLICABLE LAW—JURY CHARGE ERROR

Appellate review of claimed jury-charge error involves a two-step process. *See Cortez v. State*, 469 S.W.3d 593, 598 (Tex. Crim. App. 2015). *See also Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). A reviewing court must initially determine whether charge error occurred. *Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015). If an appellate court finds charge error, the next step requires the reviewing court

3

to analyze that error for harm.  *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012).

Charge error requires reversal when a proper objection has been made and a reviewing court finds "some" harm, i.e., error that is calculated to injure the rights of the defendant.  *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009).  Where the alleged error is not preserved by objection, an appellant can prevail only if the error caused egregious harm.  *Fraser v. State*, 593 S.W.3d 883, 888 (Tex. App.—Amarillo 2019, pet. ref'd).  Jury charge error is egregious if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory.  *Arteaga v. State*, 521 S.W.3d 329, 338 (Tex. Crim. App. 2017), *superseded in part by* TEX. PENAL CODE ANN. § 22.011(f).  The harm must be actual and not theoretical.  *Taylor v. State*, 332 S.W.3d 483, 490 (Tex. Crim. App. 2011).  Egregious harm is a "high and difficult standard which must be borne out by the trial record."  *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013).  Error in the abstract instruction is not egregious where the application paragraph correctly instructs the jury.  *Medina v. State*, 7 S.W.3d 633, 640 (Tex. Crim. App. 1999).

The Court of Criminal Appeals has explicitly stated aggravated sexual assault is a "nature-of-conduct" statute.  *Gonzales v. State*, 304 S.W.3d 838, 849 (Tex. Crim. App. 2010) (explaining the aggravated sexual assault statute defines "a 'conduct-oriented' crime").  It criminalizes very specific conduct of several different types.  *Vick v. State*, 991 S.W.2d 830, 832 (Tex. Crim. App. 1999).  "When 'specific acts are criminalized because of their very nature, [the] culpable mental state must apply to committing the act itself.'" *Price v. State*, 457 S.W.3d 437, 441 (Tex. Crim. App. 2015) (quoting *McQueen v. State*,

4

781 S.W.2d 600, 603 (Tex. Crim. App. 1989)). "A trial court errs when it fails to limit the language in regard to the applicable culpable mental states to the appropriate conduct element." *Price*, 457 S.W.3d at 441 (citing *Cook v. State*, 884 S.W.2d 485, 491 (Tex. Crim. App. 1994)).

## ANALYSIS

The State admits inclusion of both statutory definitions of the culpable mental states of knowing and intentional was error which dispenses with step one in a charge-error analysis. Given the concession of error, we must now analyze, in the absence of an objection, whether Appellant suffered egregious harm.

When reviewing harm resulting from charge error, an appellate court must determine harm in light of (1) the entire jury charge, (2) the state of the evidence, (3) the arguments of counsel, and (4) any other relevant information revealed by the record of the trial as a whole. *See Fraser*, 593 S.W.3d at 888. Also, there is no burden of proof or persuasion in a harm analysis conducted under *Almanza*. *See id.* at 889.

**Entire Jury Charge**

As noted, the State concedes the charge is erroneous. However, the application paragraphs, which tracked the statutory language, correctly instructed the jury. *Medina*, 7 S.W.3d at 640. Correct application paragraphs, however, did not cure the error but do mitigate against a finding of egregiousness. *Turner v. State*, 573 S.W.3d 455, 463 (Tex. App.—Amarillo 2019, no pet.).

**State of the Evidence**

In addition to other witnesses, both the complainant and Appellant testified. Appellant's defense was the complainant fabricated the allegations to avoid consequences of watching his homemade sex videos and YouTube videos which illustrated the conduct of which she accused him. He argues the erroneous charge allowed the jury to focus on the negative effects of his conduct on the complainant whereas a proper charge would have focused on the nature of the acts. He describes the substance of the case as truth versus lies. He challenges the complainant's testimony as lacking sensory details and intimates her testimony was coached. He also points to the complainant's father referring to her as a liar to the detective investigating the case. The father, however, testified he believed the allegations to be true.

There were no eyewitnesses to the alleged offenses. There was no trauma to the victim or any physical evidence to support she was sexually assaulted. Distilled to its essence, the predominant issue was one of credibility of the witnesses with the complainant claiming Appellant sexually assaulted her and him denying it.

Appellant did not contest his culpable mental state at trial; rather, he denied any of the alleged conduct and claimed the complainant blamed him to deflect from having given her half-sister hickeys. He testified he could not have assaulted the complainant because in the three years he lived with her mother, he was never alone with the complainant. He claimed to work sixty-five to seventy hours a week and on his days off, the complainant's mother would take her to a babysitter. *See Reed v. State*, 421 S.W.3d 24, 30 (Tex. App.—Waco 2013, pet. ref'd) (concluding erroneous charge was not harmful where defendant

6

denied the allegation and his defense was fabrication of the outcry). An erroneous instruction of the culpable mental states could not have egregiously harmed Appellant. *See Jones v. State*, 229 S.W.3d 489, 494 (Tex. App.—Texarkana 2007, no pet.) (holding the defendant's intent, "while . . . a part of the State's required proof, was not a contested issue and consequently [the defendant] could not be egregiously harmed by the definition of the intentional and knowing state of mind"). *See also Martinez v. State*, No. 11-13-00080-CR, 2015 Tex. App. LEXIS 2656, at *16–17 (Tex. App.—Eastland March 20, 2015, pet. ref'd) (mem. op., not designated for publication) (finding defendant was not egregiously harmed where the jury charge contained the "result of conduct" rather than the "nature of conduct" definitions in an aggravated sexual assault case because the defendant did not contest intent and denied the allegations against him).

Here, the jury, as fact finder, resolved any inconsistencies in the testimony and credibility issues against Appellant and in favor of the prosecution. The evidence mitigates against a finding of egregious harm.

**Arguments of Counsel**

The State's opening argument merely summarized the facts it anticipated presenting during trial. Its closing argument was succinct and unremarkable. Defense counsel's opening statement was very brief and asked the jury to consider the timeline of the allegations. He also noted the difficulty in proving a negative as the defense strategy was denial of the allegations. Defense counsel's closing statement was lengthy and summarized the evidence and highlighted the lack of physical evidence, the complainant's failure to provide sensory details, and testimony from the complainant's

7

father that she was a liar. He also argued the complainant was coached and her testimony had too many inconsistencies. In its rebuttal, the State argued there was no middle ground—either the complainant or Appellant was lying. We find the arguments were not improper and weigh against a finding of egregious harm.

**Any Other Relevant Information**

Appellant challenges the complainant's lack of specifics and sensory details during her testimony regarding the allegations. During cross-examination, his veracity was called into question when he was asked about a prior conviction for assault family violence. He claimed he was not guilty of the charge despite having pleaded guilty to the charge. He explained his guilty plea was part of an agreement with Child Protective Services to end the investigation.

The law allows a conviction for indecency with a child or for aggravated sexual assault of a child on the child's testimony alone. TEX. CODE CRIM. PROC. ANN. art. 38.07(a), (b)(1); *Ryder v. State*, 514 S.W.3d 391, 396 (Tex. App.—Amarillo 2017, pet. ref'd). Because a child victim may lack technical knowledge to testify to details, evidence is sufficient to support a conviction if the complainant communicates to the fact finder that the defendant touched parts of her body covered by sexual offense statutes. *Davisonhicks v. State*, No. 07-18-00021-CR, 2019 Tex. App. LEXIS 3376, at *10 (Tex. App.—Amarillo April 26, 2019, pet. ref'd) (mem. op., not designated for publication) (citing *Clark v. State*, 558 S.W.2d 887, 889 (Tex. Crim. App. 1977)). Additionally, without any evidence of trauma, the effects of sexual abuse committed against a child may be

8

admissible unless the probative value is substantially outweighed by the danger of unfair prejudice. *Cohn v. State*, 849 S.W.2d 817, 819 (Tex. Crim. App. 1993).

Based on the complainant's testimony alone, an error free charge may not have resulted in a not guilty verdict. The record mitigates against a finding of egregious harm. We conclude the erroneous charge did not affect the very basis of the case, deprive Appellant of a valuable right, or vitally affect his defensive theory that the complainant fabricated the allegations. His credibility, not his culpable mental state, was the key issue rendering the erroneous charge harmless. Issue one is overruled.

### ISSUE TWO—INEFFECTIVE ASSISTANCE OF COUNSEL

Appellant asserts counsel's error in failing to object to the erroneous charge is cognizable on direct appeal because no reasonably competent attorney would have failed to adequately research the law and would have known to object to the charge to have the error evaluated under the lesser standard of "some" harm. He maintains defense counsel's performance was deficient as a matter of law. Even assuming counsel's performance was deficient, we disagree Appellant was prejudiced by counsel's omission.

### APPLICABLE LAW—INEFFECTIVE ASSISTANCE OF COUNSEL

The right to reasonably effective assistance of counsel in a criminal prosecution is guaranteed by the Sixth Amendment to the United States Constitution and Article 1, Section 10 of the Texas Constitution. U.S. CONST. amend VI; TEX. CONST. art. 1, § 10. To establish a claim based on ineffective assistance, an appellant must show (1) his counsel's representation fell below the objective standard of reasonableness and (2) there is a reasonable probability that but for counsel's deficiency the result of the

9

proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In other words, an appellant must show his trial counsel's performance was deficient and he was prejudiced by the deficiency. *State v. Gutierrez,* 541 S.W.3d 91, 98 (Tex. Crim. App. 2017).

A claim of ineffective assistance of counsel must be firmly demonstrated in the record. *Lopez v. State,* 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) (citing *Thompson v. State,* 9 S.W.3d 808, 814 (Tex. Crim. App. 1999)). "It is not sufficient that appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence." *Mata v. State,* 226 S.W.3d 425, 430 (Tex. Crim. App. 2007).

Assuming the first prong of *Strickland* was satisfied, the case was decided on the credibility of the complainant and Appellant. Thus, even if the jury had been properly instructed, it still could have believed the complainant over Appellant and returned a guilty verdict. Thus, Appellant has not shown the outcome of the trial would have been different had counsel objected and the error been reviewed under the lesser standard of "some" harm. *See Saldivar v. State,* 783 S.W.2d 265, 268 (Tex. App.—Corpus Christi 1989, no pet.) (noting where no defense is presented directly affecting an assessment of mental culpability, there is no harm in submitting erroneous definitions of intentionally and knowingly). We conclude Appellant has failed to satisfy the second prong of *Strickland. Compare with Smith v. State,* No. 07-18-00304-CR, 2019 Tex. App. LEXIS 1349, at *4 (Tex. App.—Amarillo Feb. 22, 2019, no pet.) (mem. op., not designated for publication) (observing a correct charge would not have likely affected the outcome of the proceedings

10

to prevail on ineffective-assistance-of-counsel claim for failing to object to charge). Issue two is overruled.

## CONCLUSION

The trial court's judgment is affirmed.


Alex Yarbrough
Justice

Do not publish.

11