

# IN THE
# TENTH COURT OF APPEALS

## No. 10-22-00167-CR

LAAN LORAN,

                                       **Appellant**

 v.

THE STATE OF TEXAS,

                                       **Appellee**

---

### From the 18th District Court
### Johnson County, Texas
### Trial Court No. DC-F202100397

---

## MEMORANDUM OPINION

---

Laan Loran was convicted of Continuous Sexual Abuse of a Young Child (Count One) and Sexual Assault of a Child (Count Two). *See* TEX. PENAL CODE §§ 21.02(b); 21.011(a)(2). The trial court sentenced Loran to 44 years in prison on Count One and 20 years in prison on Count Two. Because the trial court did not err in denying Loran's motion to suppress his confession, did not egregiously harm Loran by committing error, if at all, in the application paragraph of the guilt-innocence charge to the jury, but did err in assessing attorney's fees against Loran, the trial court's judgment as to Count One is

affirmed and the trial court's judgment as to Count Two is affirmed as modified.

## BACKGROUND

Loran moved from the Marshall Islands to the United States in 2008 with his wife and adopted daughter, R.T., eventually settling in Johnson County. R.T. alleged that when she was in second grade, Loran began touching her inappropriately, and the abuse continued over a four-year period. The abuse ended in the spring of 2021 following R.T.'s outcry. Loran admitted, in a video-taped interview, to inappropriately touching R.T.

## VOLUNTARINESS OF CONFESSION

In his first issue, Loran asserts the trial court erred in denying Loran's motion to suppress his recorded statement when the *Miranda*[1] warnings were read in English and Loran did not understand that his statements could be used against him in court. More precisely, Loran contends he did not intentionally, knowingly, and voluntarily waive his rights under *Miranda* and article 38.22 of the Texas Code of Criminal Procedure because he did not fully comprehend the rights afforded to him or the consequences of speaking with law enforcement about the allegations against him.

### *Standard of Review*

Constitutional and statutory confession claims are evaluated under the bifurcated standard set out in *Guzman*. *Sandoval v. State*, 665 S.W.3d 496, 515 (Tex. Crim. App. 2022); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Pursuant to that standard, we afford almost total deference the trial judge's rulings on questions of historical fact and

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

on application of law to fact questions that turn upon credibility and demeanor and review *de novo* the trial court's rulings on application of law to fact questions that do not turn upon credibility and demeanor. *Sandoval*, 665 S.W.3d at 515; *Alford v. State*, 358 S.W.3d 647, 652 (Tex. Crim. App. 2012). Whether a statement is voluntary is a mixed question of law and fact that may depend upon credibility and demeanor. *Garcia v. State*, 15 S.W.3d 533, 535 (Tex. Crim. App. 2000); *Williams v. State*, 502 S.W.3d 262, 271 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd).

As applicable to this case, in determining whether a valid waiver occurred, we consider whether the waiver was made with full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. *See Joseph v. State*, 309 S.W.3d 20, 25 (Tex. Crim. App. 2010).[2] The determination of whether a confession is voluntary is based on an examination of the totality of circumstances surrounding its acquisition. *Id.*; *Wyatt v. State*, 23 S.W.3d 18, 23 (Tex. Crim. App. 2000). The trial court is the "sole and exclusive trier of fact and judge of the credibility of the witnesses" and the evidence presented at a hearing on a motion to suppress, particularly when the motion is based on the voluntariness of a confession. *Delao v. State*, 235 S.W.3d 235, 238-39 (Tex. Crim. App. 2007); *Green v. State*, 934 S.W.2d 92, 98-99 (Tex. Crim. App. 1996).

It is undisputed that Loran is originally from the Marshall Islands. He asserted, through his interpreter at the motion to suppress hearing that, although he can

---

[2] Another factor to consider would be whether the waiver was "the product of a free and deliberate choice rather than intimidation, coercion, or deception." *Joseph*, 309 S.W.3d at 25. Loran does not claim he was intimidated, coerced, or deceived.

understand and speak some conversational English, he needs an interpreter to fully understand more difficult terms. Loran explained that he did not understand the English words in his *Miranda* warnings that are not used in everyday language. Moreover, Loran asserted he was unaware that his statements to the detective could be used in a criminal case against him and testified that he would have chosen to remain silent if he understood that his statements could be used in a case against him. He also stated, however, that he understood what the detective said, but might not have understood if the detective had used difficult terms.

### *Findings and Conclusions*

After we abated and remanded the appeal for findings of fact and conclusions of law, *see Sandoval v. State*, 665 S.W.3d 496, 519-20 (Tex. Crim. App. 2022), the trial court concluded that Loran's "proficiency in English is such that he intelligently, knowingly, and voluntarily waived his *Miranda* rights prior to his videotaped custodial confession." In support of this conclusion, the trial court found the following facts. English is the main language spoken in the Marshall Islands, and Loran learned English in the second grade. Loran had been employed with numerous companies that required a proficiency in English. He had prior experience with the legal system in which he had successfully completed probation, and he had filed numerous pro se legal documents in this case, handwritten in English and signed by Loran. After viewing the videotaped interview, the trial court found that Loran appeared to understand the rights read to him and readily signed the written version after the purpose for his signature was explained to him. Loran appeared to fully understand when the detective said Loran did not have to speak

to him and could refuse to answer any questions. Loran appeared to understand English throughout the interview and quickly responded to questions. Each response was specific and relevant to the question asked.

*Application*

Because the voluntariness of a confession is a mixed question of law and fact that, in this case, turns on an evaluation of credibility and demeanor, and, giving almost total deference to the trial court's factual findings as applied to its ruling on the voluntariness of Loran's confession, we find Loran waived his rights with full awareness of the nature of the rights being waived and the consequences of the decision to waive them. Thus, the trial court did not err in denying Loran's motion to suppress on that basis.

Loran's first issue is overruled.

**CHARGE ERROR**

In his second issue, Loran complains the jury charge on guilt-innocence for the offense of Continuous Sexual Abuse of a Young Child (Count One) was egregiously harmful because the jury was not required to find that two acts of sexual abuse occurred at least 30 days apart and the State's argument propagated the erroneous instruction. Specifically, Loran complains that the application paragraph of the charge did not require the jury to find, beyond a reasonable doubt, that there were 30 or more days between at least two acts of sexual abuse. Loran did not object to the charge.

There are two standards of review for jury-charge-error claims. *Alcoser v. State*, 663 S.W.3d 160, 165 (Tex. Crim. App. 2022); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g). If a defendant timely objects to alleged jury-charge error,

the record need only show *some harm* to obtain relief. *Id.* If there was no timely objection, the record must show *egregious harm*. *Id.* Harm is assessed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of the probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole. *Id.* An erroneous jury charge is egregiously harmful if it affects the very basis of the case, deprives the accused of a valuable right, or vitally affects a defensive theory. *Id.* A finding of egregious harm must be based on actual harm rather than theoretical harm. *Alcoser*, 663 S.W.3d at 165; *Cosio v. State*, 353 S.W.3d 766, 777 (Tex. Crim. App. 2011)). Egregious harm is a difficult standard to meet, and the analysis is fact specific. *Alcoser*, 663 S.W.3d at 165; *Villarreal v. State*, 453 S.W.3d 429, 433 (Tex. Crim. App. 2015).

The Texas Pattern Jury Charges manual suggests the jury be instructed, "you must all agree that at least thirty days passed between the first and last acts of sexual abuse committed by the defendant." TEXAS CRIMINAL PATTERN JURY CHARGES § CPJC 21.2. In this case, the charge provided only that the jury "must agree unanimously that the Defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse." Regardless of which version is correct, we assume without deciding that the charge contained error and move to an egregious harm analysis. *See Lankford v. State*, 255 S.W.3d 275, 280 (Tex. App.—Waco 2008, pet. ref'd).

### *Entire Jury Charge*

In reviewing the guilt-innocence charge as a whole, the abstract portion accurately stated the substantive law on the offense of continuous sexual abuse of a young child. *See*

TEX. PENAL CODE § 21.02(b). Thus, within the context of the entire jury charge, the alleged error in the application paragraph appears less harmful. *See Turner v. State*, 573 S.W.3d 455, 462-64 (Tex. App.—Amarillo 2019, no pet.) (erroneous wording of the application paragraph "is not so outrageous as to be considered egregious in and of itself."); *Bazanes v. State*, 310 S.W.3d 32, 37 (Tex. App.—Fort Worth 2010, pet. ref'd) (error in the application paragraph of the charge minimized by an accurate statement of substantive law on the charged offense in the abstract portion of the charge). While this consideration alone is not enough to say that the alleged error was not egregious, it does mitigate against such a finding. *Turner*, 573 S.W.3d at 464.[3]

### State of the Evidence

Under this factor, "we look to the state of the evidence to determine whether the evidence made it more or less likely that the jury charge caused appellant actual harm." *Arrington v. State*, 451 S.W.3d 834, 841 (Tex. Crim. App. 2015). Here, there is ample evidence of Loran's guilt, which mitigates any harm the jury charge may have caused. Loran readily admitted that he inappropriately touched R.T. at least three times. R.T. testified that Loran inappropriately touched and rubbed on her "a lot" since she was in second grade until her outcry was made in 2021. She stated that the abuse became worse when her mother left the country and, because of COVID restrictions, could not return for an extended period of time. R.T.'s mother testified that Loran admitted to her that he

---

[3] And as suggested in *Turner*, we implore the trial courts to not track the statute in application paragraphs and use language less likely to draw an objection or an issue on appeal such as the language proposed by Texas Criminal Pattern Jury Charge § 21.2 or by the court in *Turner*. *Turner*, 573 S.W.3d at 464, fn.3.

inappropriately touched R.T. Loran presented no witnesses in his defense and did not question many of the State's witnesses. His defense centered on whether he understood and thus, knowingly, intentionally, and voluntarily waived his right to remain silent when he was questioned at the jail.

Thus, in reviewing the state of the evidence, and due to our disposition of Loran's first issue, we cannot say that this factor weighs in favor of a finding of egregious harm.

*Argument of Counsel*

Loran contends the State's arguments exacerbated the alleged error when the State highlighted the lack of a need for jury unanimity for the predicate offenses but failed to mention that at least two of the offenses needed to be at least 30 days apart. However, if the State's arguments militated toward finding egregious harm, Loran's counsel mitigated it by specifically informing the jury that "the State has to prove that Mr. Loran committed sexual abuse at least two times *30 days apart*." Thus, we conclude this factor does not weigh in favor of a finding of egregious harm.

*Other Relevant Information*

No other relevant information which might weigh in favor of finding egregious harm was revealed by the record of the trial as a whole.

*Conclusion*

Accordingly, after a review of all the factors, we find that error, if any, in the charge to the jury on guilt-innocence was not calculated to injure Loran's rights or deprive him of a fair and impartial trial; and thus, Loran was not egregiously harmed by the trial court's potential error. Loran's second issue is overruled.

**ATTORNEY'S FEES**

In his third and final issue, Loran contends the trial court erred in ordering repayment of court-appointed attorney's fees without finding Loran had the financial resources to repay all or part of the fees. Loran requests that we modify the trial court's judgment "such that it does not require [Loran] to repay his court-appointed attorney fee…."

The ability to assess attorney's fees is found in article 26.05(g) of the Texas Code of Criminal Procedure. Specifically, subsection (g) provides:

> (g) If the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided to the defendant in accordance with Article 1.051(c) or (d), including any expenses and costs, the judge shall order the defendant to pay during the pendency of the charges or, if convicted, as a reimbursement fee the amount that the judge finds the defendant is able to pay….

TEX. CODE CRIM. PROC. art. 26.05(g). Loran was found to be indigent prior to trial, and an attorney was appointed to represent him. Because of this, Texas Code of Criminal Procedure article 26.04(p) prevents the assessment of attorney fees to be re-paid unless certain circumstances are met. Specifically, subsection (p) provides:

> (p) A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs. If there is a material change in financial circumstances after a determination of indigency or nonindigency is made, the defendant, the defendant's counsel, or the attorney representing the state may move for reconsideration of the determination.

TEX. CODE CRIM. PROC. art. 26.04(p).

The State concedes there is no evidence to support the assessment of attorney's

fees against Loran.  We agree with the State's concession.

Accordingly, Loran is presumed to remain indigent, and the assessment of attorney's fees is not permitted.  Loran's third issue is sustained and the trial court's "Judgment—Conviction—Jury" as to Count Two is modified to reflect "Court Costs" as $294.00.[4] *See Guedea v. State*, 683 S.W.3d 549 (Tex. App.—Waco 2023, no pet.).

**CONCLUSION**

Having overruled two of Loran's issues on appeal and sustained Loran's third issue, we affirm the trial court's judgment as to Count One and affirm the trial court's judgment as to Count Two as modified.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Johnson, and
    Justice Smith
Affirmed
Opinion delivered and filed May 23, 2024
Do not publish
[CRPM]



---

[4] Count One need not be modified because under the heading, "Court Costs," is the language, "SEE CT 2."