

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00056-CR

RICHARD ALAN GUERRA, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1859316

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

A Tarrant County jury convicted Richard Alan Guerra of continuous sexual abuse of a young child and three counts of possession of child pornography.[1] After the jury found the State's punishment-enhancement allegations true, it assessed sentences of life imprisonment without parole for continuous sexual abuse and ten years' imprisonment for each count of possession of child pornography with a $100.00 fine for each conviction. On appeal, Guerra argues that there was jury-charge error in the trial court's submission of the continuous sexual abuse instructions and that the trial court erred by failing to grant his motion for mistrial.

We find that Guerra was unharmed by the assumed jury-charge error. We further find that the trial court did not abuse its discretion by overruling Guerra's motion for mistrial. As a result, we affirm the trial court's judgment.

## I.      Guerra Was Not Egregiously Harmed by Assumed Charge Error

In his first point of error, Guerra argues that the trial court's jury charge regarding continuous sexual abuse of a young child was erroneous.[2] To establish this offense,

> the State must prove the following elements: (1) the defendant "commit[ted] two or more acts of sexual abuse," (2) "during a period that is 30 or more days in duration," and (3) "at the time of the commission of each of the acts of sexual abuse, the [defendant was] 17 years of age or older and the victim [was] a child younger than 14 years of age."

---

[1]Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). We follow the precedent of the Second Court of Appeals in deciding the issues presented. *See* TEX. R. APP. P. 41.3.

[2]Guerra raises no jury-charge complaint related to his convictions for child pornography.

*Rachal v. State*, No. 02-24-00209-CR, 2025 WL 2810529, at *5 (Tex. App.—Fort Worth Oct. 2, 2025, no pet. h.) (mem. op.) (alterations in original) (quoting Tᴇx. Pᴇɴᴀʟ Cᴏᴅᴇ Aɴɴ. § 21.02(b)).  It is the second element that is at issue here.

## A.	Procedural Background

The abstract portion of the trial court's jury charge stated the following:

A person commits the offense of Continuous Sexual Abuse of a Child if, during a period that is 30 days or more in duration, the person commits two or more acts of sexual abuse, and at the time of the commission of each of the acts of sexual abuse, the actor was 17 years of age or older and the victim is a child younger than 14 years of age, regardless of whether the actor knows the age of the victim at the time of the offense.

The application paragraph of the jury charge stated:

Now, bearing in mind the foregoing instructions, if you find and believe from the evidence, beyond a reasonable doubt, that the defendant, Richard Alan Guerra, on or about the 28th day of July 2021, through the 2nd day of December, 2021, in the County of Tarrant and State of Texas, during a period of time that is 30 days or more in duration, did commit at least two acts of sexual abuse against a child younger than 14 years of age, regardless of whether the defendant knew the age of M.F., including an act constituting the offense of aggravated sexual assault of a child against M.F., and/or an act constituting the offense of indecency with a child against M.F., and at the time of the commission of each of these acts of sexual abuse the defendant was 17 years of age or older, then you will find the defendant guilty of the offense of Continuous Sexual Abuse of a Child as charged in Count One of the indictment.

Guerra did not object to these portions of the jury charge, but we must review "all alleged jury-charge error . . . regardless of preservation in the trial court."  *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012).

3

### B. We Assume Error

The State's brief concedes that this Court, along with others, has found this same language erroneous because "the jury could have easily read the instruction[s] as directing it to find [the defendant] guilty if (1) there were thirty or more days between the dates in the indictment . . . , and (2) during that time, [the defendant] sexually abused [the victim] on two or more occasions." *Ramirez v. State*, No. 06-24-00053-CR, 2025 WL 1859425, at *2 (Tex. App.—Texarkana July 7, 2025, no pet.) (mem. op., not designated for publication) (alterations in original) (quoting *Lewis v. State*, No. 06-21-00021-CR, 2022 WL 630288, at *6 (Tex. App.—Texarkana Mar. 4, 2022, pet. ref'd) (mem. op., not designated for publication)); *see Turner v. State*, 573 S.W.3d 455, 462–63 (Tex. App.—Amarillo 2019, no pet.); *Smith v. State*, 340 S.W.3d 41, 50–53 (Tex. App.—Houston [1st Dist.] 2011, no pet.). In other words, we have found that "the express language used does not make it clear that the first and last acts must occur thirty or more days apart." *Ramirez*, 2025 WL 1859425, at *2 (quoting *Lewis*, 2022 WL 630288, at *7 (quoting *Turner*, 573 S.W.3d at 462).

Even so, as noted by the Fort Worth Court of Appeals, "the Third, Fourth, Fifth, Thirteenth, and Fourteenth Courts of Appeals have refused to find similar jury instructions erroneous." *Cisnerosmartinez v. State*, No. 02-24-00144-CR, 2025 WL 1840568, at *9–10 (Tex. App.—Fort Worth July 3, 2025, pet. ref'd) (mem. op., not designated for publication) (citing *Jones v. State*, No. 05-22-00872-CR, 2024 WL 1757249, at *13–14 (Tex. App.—Dallas Apr. 24, 2024, pet. ref'd) (mem. op., not designated for publication); *Perez v. State*, 689 S.W.3d 369, 378–81 (Tex. App.—Corpus Christi–Edinburg 2024, no pet.); *Lewis v. State*, 693 S.W.3d 453,

461–66 (Tex. App.—Houston [14th Dist.] 2023, pet. ref'd); *Hernandez-Silva v. State*, No. 03-19-00219-CR, 2020 WL 4726632, at \*7–8 (Tex. App.—Austin Aug. 14, 2020, pet. ref'd) (mem. op., not designated for publication); *McKinney v. State*, No. 05-14-01350-CR, 2016 WL 3963369, at \*16 (Tex. App.—Dallas July 18, 2016, pet. ref'd) (mem. op., not designated for publication); *Quintero v. State*, No. 04-13-00596-CR, 2015 WL 1914595, at \*1–2 (Tex. App.—San Antonio Apr. 15, 2015, pet. ref'd) (mem. op., not designated for publication); *Knowles v. State*, No. 04-12-00180-CR, 2013 WL 1149063, at \*5 (Tex. App.—San Antonio Mar. 20, 2013, pet. ref'd) (mem. op., not designated for publication)); *see also Poor v. State*, 715 S.W.3d 15, 32 (Tex. App.—Eastland 2024, pet. ref'd) (agreeing "with the majority of our sister courts that the challenged charge language is not erroneous").

Due to the split among the appellate courts, the Fort Worth Court of Appeals has simply assumed error, without deciding the issue. *Cisnerosmartinez*, 2025 WL 1840568, at \*9–10. Applying the law of the transferring court, we likewise assume error and move to the harm analysis. *See* TEX. R. APP. P. 41.3.

### C. Guerra Was Not Egregiously Harmed

"Unpreserved charge error warrants reversal only when the error resulted in egregious harm." *Garcia v. State*, 710 S.W.3d 361, 363 (Tex. App.—Fort Worth 2025, pet. ref'd) (citing *Nava v. State*, 415 S.W.3d 289, 298 (Tex. Crim. App. 2013); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g); TEX. CODE CRIM. PROC. ANN. art. 36.19).

"The appropriate inquiry for egregious harm is fact- and case-specific." *Id.* at 365 (citing *Gelinas v. State*, 398 S.W.3d 703, 710 (Tex. Crim. App. 2013); *Taylor v. State*, 332 S.W.3d 483,

489 (Tex. Crim. App. 2011)). In our analysis, we "consider 'the actual degree of harm . . . in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel[,] and any other relevant information revealed by the record of the trial as a whole.'" *Id.* (alteration in original) (quoting *Almanza*, 686 S.W.2d at 171). "Errors that result in egregious harm are those 'that affect the very basis of the case, deprive the defendant of a valuable right, vitally affect the defensive theory, or make a case for conviction clearly and significantly more persuasive.'" *Id.* at 365–66 (quoting *Taylor*, 332 S.W.3d at 490 (citing *Almanza*, 686 S.W.2d at 172)). "The purpose of this review is to illuminate the actual, not just theoretical, harm to the accused." *Id.* at 366 (citing *Almanza*, 686 S.W.2d at 174).

As to other errors in the charge, Guerra argues that the jury charge for continuous sexual abuse did not require the jury to "agree unanimously on which specific acts of sexual abuse were committed by [Guerra]." However, the continuous sexual abuse statute specifically provides that, "[i]f a jury is the trier of fact, members of the jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed." TEX. PENAL CODE ANN. § 21.02(d). Instead, it is only required that "[t]he jury must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse." *Id.* The trial court's jury charge properly contained an instruction mirroring Section 21.02(d). As a result, we overrule Guerra's argument regarding unanimity. Moreover, we find no other errors in the trial court's charge.

As for the state of the evidence, M.F., who was sixteen at trial, testified that Guerra would provide her with marihuana or alcohol before committing sexual acts with her. M.F. testified that, on July 28, 2021, Guerra smoked marihuana with her and watched her change into her swimsuit. M.F. said that, during that week, Guerra touched her vagina "either above [her] shorts or below [her] shorts" with his hands and "sometimes . . . would grab [her] breasts." M.F. clarified that Guerra would sometimes penetrate her vagina with his fingers. According to M.F., the sexual abuse "happened multiple times in that week," leading to an occasion where Guerra placed his "mouth and tongue on [her] vagina."

After that week, M.F. went on vacation with Guerra, who "touched [M.F.] on vacation in the hotel" "a couple of times" and offered her $1,000.00 if she would have sex with him, but she declined. M.F. testified that, after the vacation, Guerra penetrated her vagina with his penis and continued to do so for "[a]bout four" months. M.F. said that Guerra made her touch his penis with her mouth on two occasions and tried to penetrate her anus with his penis. M.F. said that Guerra also "raped" her the day before the police were called to his home on December 2, 2021. M.F., who was thirteen at the time, said she was taken to a children's advocacy center on December 7, where she spoke with Trista Burden, a forensic interviewer with Alliance for Children, and "told her everything."

Burden testified that M.F. told her that Guerra started sexually abusing her in "June or July . . . of 2021 -- but the rape didn't start until August." Burden said that M.F. made outcries of "multiple events of sexual abuse," including the incident in December, and said Guerra touched her sexually every day and used condoms to have sex with her in several different rooms

7

throughout the house where she lived until the "box of 30" condoms was empty. According to Burden, Guerra gave M.F. money and gifts in exchange for sexual favors, and M.F. said that "she convinced herself that it was . . . just sex [and] . . . would just lay there and take it."

Adrianne Grimm, an investigator with Child Protective Services (CPS), also testified that CPS received a report involving M.F. When Grimm met with M.F., the child said "there was penetration" by Guerra. M.F. underwent a sexual assault nurse examination, and the nurse, Theresa Fugate, testified that M.F. revealed a history of sexual abuse.

We find that the state of the evidence and its probative weight is strong in light of M.F.'s testimony, which included specific temporal details of when the acts of sexual abuse occurred. The evidence shows that the first act occurred around July 28, 2021, and that the last act of sexual abuse occurred around December 1, which demonstrates that the acts of sexual abuse occurred thirty or more days apart.

Next, although Guerra's defensive theory involved challenging witness credibility, he did not argue the temporal requirement of the continuous sexual assault statute. Further, during closing, the State argued that each member of the jury had to find "two acts of sexual abuse that happened outside of 30 days." The State clarified that if there was "reasonable doubt about that 30-day timeline," the jury could consider the several lesser-included offenses of aggravated sexual assault of a child and indecency with a child that were in the trial court's charge. In his closing, Guerra created an increased burden on the State by informing the jury, contrary to Section 21.02(d), that if they did not believe all the allegations of sexual abuse "in a unanimous forum," Guerra was not guilty, and they should "move on to the examination of the [lesser-

8

included] charges." As a result, the arguments of counsel ameliorated any harm. *See Cisnerosmartinez*, 2025 WL 1840568, at *11.

Further, because the jury rendered a verdict on the continuous sexual abuse charge and did not move to the lesser-included offenses, their verdict showed that each juror believed two acts of sexual abuse occurred "outside of 30 days." Also, there was no jury note or question indicating any confusion about the temporal requirement.

Here, given the distinct temporal details in M.F.'s testimony, the totality of the charge, counsel's arguments, and the lack of any jury question, we cannot conclude that the assumed jury-charge error egregiously harmed Guerra. *See id.* As a result, we overrule Guerra's first point of error.

## II. The Trial Court Did Not Abuse Its Discretion by Denying a Motion for Mistrial

During Grimm's direct examination, the State asked whether M.F. could identify the private parts on her body. After Grimm said, "Yes," Guerra raised hearsay and confrontation clause objections. The trial court sustained Guerra's objections and instructed the jury to disregard Grimm's answer. Guerra's counsel approached the bench to move for a mistrial, which was denied. Then, the following occurred, prompting another objection from Guerra:

> Q. (BY [THE STATE]) Adrianne, those questions that we talked about earlier when you screen a child for sexual abuse, did you ask those questions of [M.F.]?
>
> A. I did.
>
> Q. Okay. And without saying what she said, did you receive responses from her?

9

The trial court again sustained Guerra's hearsay and confrontation clause objections, instructed the jury to disregard Grimm's answers, but denied a motion for mistrial.

## A. Standard of Review

"A mistrial is a device used to halt trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile." *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). A trial court may "declare a mistrial if an impartial verdict cannot be reached, or if a verdict of conviction could be reached but would have to be reversed on appeal due to an obvious procedural error." *Id.*

"We review the denial of a motion for mistrial for abuse of discretion, viewing the evidence in the light most favorable to the trial court's ruling and considering only the arguments before the court at the time of its ruling." *McBurnett v. State*, 629 S.W.3d 660, 663 (Tex. App.—Fort Worth 2021, pet. ref'd) (citing *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009)). We will "reverse 'only when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree.'" *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009) (quoting *State v. Gonzalez*, 855 S.W.2d 692, 695 n.4 (Tex. Crim. App. 1933)). We do not "substitute [our] judgment for that of the trial court, but rather must decide whether the trial court's decision was arbitrary or unreasonable." *Gonzalez*, 855 S.W.2d at 695 n.4 (quoting *Landry v. Travelers Ins. Co.*, 458 S.W.3d 649, 651 (Tex. 1970)).

## B. Analysis

The remedy of a mistrial is intended for a "narrow class of highly prejudicial and incurable errors." *Gomez v. State*, 552 S.W.3d 422, 428 (Tex. App.—Fort Worth 2018, no pet.)

(quoting *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000)). "It is 'an extreme remedy that should be granted only if residual prejudice remains after less drastic alternatives have been explored.'" *Id.* (quoting *Jenkins v. State*, 493 S.W.3d 583, 612 (Tex. Crim. App. 2016)).

"The determination as to whether a given error calls for a mistrial must be made by examining the peculiar facts and circumstances of each case." *Hernandez v. State*, 805 S.W.2d 409, 414 (Tex. Crim. App. 1990). "Factors to consider include (1) the severity of the misconduct, (2) measures adopted to cure the misconduct, and (3) certainty of conviction absent the misconduct." *Gomez*, 552 S.W.3d at 648 (citing *Archie v. State*, 221 S.W.3d 695, 700 (Tex. Crim. App. 2007)). "Error is not reversible if it is harmless." *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998).

As for the severity of the alleged misconduct, the State explained that it was not asking Grimm to repeat any statement made by M.F. and noted that M.F. was available to testify. *See Wells v. State*, 558 S.W.3d 661, 667 (Tex. App.—Fort Worth 2017, pet. ref'd) ("[I]f the declarant is subject to cross-examination at trial, 'the Confrontation Clause places no constraints at all on the use of [a declarant's] prior testimonial statements . . . . The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it." (alterations in original) (quoting *Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004))). The State's arguments to the trial court showed that the State believed it was eliciting admissible testimony and did not indicate any intentional misconduct on the part of the prosecutor.

Next, the trial court provided specific instructions to disregard Grimm's testimony. Because we presume that the jury followed the trial court's instructions, the Fort Worth Court of

11

Appeals has found that a "prompt instruction to disregard" testimony like Grimm's "cure[s] the error." *McBurnett*, 629 S.W.3d at 664; *see Archie v. State*, 340 S.W.3d 734, 741 (Tex. Crim. App. 2011); *Gomez*, 552 S.W.3d at 429.

As for the last factor regarding certainty of conviction, Grimm's allegedly objectionable testimony contributed little. In light of M.F.'s testimony and the state of the evidence recited above, we find that conviction was certain absent the alleged misconduct. In other words, we find that the alleged misconduct and Grimm's testimony resulting from it did not have "a substantial and injurious effect or influence in determining the jury's verdict." *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997); *see* TEX. R. APP. P. 44.2(b); *Thomas v. State*, 505 S.W.3d 916, 926 (Tex. Crim. App. 2016) (If the error had no influence on the jury, "or had but very slight effect, the verdict and the judgment should stand." (quoting *Kotteakos v. United States*, 328 U.S. 750, 764 (1946))).

Here, we do not believe that Grimm's references to the fact that she asked a question of M.F. and that the child could identify her private parts amounted to highly prejudicial or incurable error. Instead, we find that the trial court's prompt instructions to disregard cured any error and that mistrial was not warranted. Consequently, we overrule Guerra's last point of error.

12

## III.  Conclusion

We affirm the trial court's judgment.

                                        Scott E. Stevens
                                        Chief Justice

Date Submitted:      November 20, 2025
Date Decided:        November 21, 2025

Do Not Publish